THOMAS F. HAYES, as GENERAL ASSIGNEE, ETC., APPEL-
LANT, *v.* ALEXANDER V. DAVIDSON, as SHERIFF, ETC.,
RESPONDENT.

*Bill of particulars — when allowed in an action to recover damages for goods wrong-*
*fully seized by the sheriff under an attachment.*

In an action by an assignee of one Grant to recover damages for the wrongful
conversion of certain personal property seized by the defendant, as sheriff,
under attachments issued against Grant, it appeared that a portion of the goods
had been sold by the sheriff, and the residue thereof had been returned to and
accepted by the plaintiff. Upon an appeal from an order requiring the plaintiff
to furnish to the defendant a bill of particulars of the goods alleged to have
been taken, and of the value of each of them:

*Held,* that the order should be modified so as to limit the bill of particulars to
be furnished, to the items returned to the plaintiff by the sheriff, and as so
modified affirmed. (BRADY, J., for an affirmance of the order as made.)

APPEAL from an order made at a Special Term directing the
plaintiff to furnish a bill of particulars.

*Peter Condon,* for the appellant.

*W. Bourke Cockran,* for the respondent.

BRADY, J.:

This action is brought to recover damages for the wrongful con-
version by the defendant of certain personal property which was
part of the estate of Duncan A. Grant, and claimed by the plain-
tiff as the substituted assignee of Grant. The taking of the goods
is admitted. They appear to have been seized by the defendant, as
sheriff, under certain warrants of attachment issued against Grant
upon the ground that he had assigned and disposed of his property
with the intent to defraud his creditors. Some of the goods seized
were sold, and it appears that about three weeks after the commence-
ment of the suit for the conversion of the stock taken from Grant
the merchandise which was not disposed of was returned by the
sheriff to the plaintiff and accepted by him. Upon the application
of the defendant an order was made directing the plaintiff to furnish
a statement in writing of the goods, chattels, fixtures and other per-
sonal property alleged to have been carried away and converted by
the defendant, together with a statment of the alleged value of each

article, piece or portion of the property so alleged to have been taken, and that in default of such an account the plaintiff should be precluded from giving evidence on the trial of the alleged conversion of the property mentioned in the complaint or the value thereof.

The defendant is a public officer and the conversion charged against him was an act which he was called upon to perform by virtue of the various warrants of attachment issued. The allegation in the complaint is that between the 4th of January, 1884, and the twenty-fifth of February following, the defendant, as sheriff,. willfully and wrongfully seized, took and carried away and converted to his own use certain goods and merchandise, the property of the estate of Grant, and belonging to the plaintiff as assignee. But this is too general an allegation in an action like this and the court below was justified in directing the order which was made in the exercise of its discretion, and it cannot be interfered with under the circumstances revealed by the papers submitted on this appeal.

The order should therefore be affirmed, with ten dollars costs and the disbursements of the appeal.

Davis, P. J.:

Ordinarily I should be of opinion that a sheriff who is sued for taking on process a stock of goods from the possession of an assignee, and removing them from his possession is not entitled, when sued by such assignee, to demand a bill of particulars of the items of the stock of goods so seized and taken. Presumptively his possession of them would be held sufficient to give him full knowledge of what they consist, and a better opportunity to know their items than the assignee in trust from whom they have been taken.

In this case a part of the stock was sold by the sheriff and another part returned, by consent, to the assignee. Reasonable diligence would of course have enabled the sheriff to know what part and how much of the stock was sold, and as to that part he should be in better position to know the particulars than the assignee can be presumed to be. But as to the items returned to the assignee, if such return were in gross of a remaining bulk, the assignee who received them ought to be in better position to know the items than the sheriff.

Upon the facts appearing in the affidavits I think the order ought to be so *modified* as to limit the bill of particulars to the *items returned* to the plaintiff, so that the sheriff may be relieved from the necessity of proving those items as part of his defense, and his liability in respect thereof be limited to such damages as the taking, withholding and returning with acceptance by plaintiff subject him.

With this modification the order should be affirmed, without costs of this appeal to either party.

DANIELS, J.:

I am convinced that the modified direction suggested in the opinion of the presiding justice is as broad as the facts of the case will justify. There would be neither injustice nor inconvenience produced by an entire denial of the motion. For the sheriff must have known the goods, and of what they consisted, which he seized and also those which were sold by him. And excluding them would as clearly indicate the articles returned. But as the plaintiff has the ability to furnish a statement of the articles returned, and that will remove all possible ground for misunderstanding concerning the subject of the controversy, he may well be required to do that. And to such a direction I therefore agree.

Order modified, as directed in opinion of DAVIS P. J., and affirmed, as modified, without costs to either party.